IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

        Plaintiff,

    v.

ENVOY AIR, INC.,

        Defendant.

Case No. _____

## NOTICE OF REMOVAL

Defendant Envoy Air, Inc. ("Envoy") removes this matter from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court") to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(a) and (d). In support of removal, Envoy states as follows:

## BACKGROUND TO THE NOTICE OF REMOVAL

1.      On December 23, 2020, Plaintiff Maysoun Abudayyeh ("Plaintiff"), individually and on behalf of a putative class of similarly situated individuals, commenced this action by filing in the State Court a Complaint captioned *Maysoun Abudayyeh, individually and on behalf of all others similarly situated v. Envoy Air, Inc.*, Case No. 2020-CH-07436.[1]

2.      On January 6, 2021, Plaintiff served a copy of the Summons and Complaint on Envoy.

3.      The Complaint purports to assert a class claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

---

[1] Envoy has attached as Exhibit A the documents from the State Court action.

4.      Plaintiff, a former employee of Envoy who worked at O'Hare International Airport ("O'Hare"), alleges that Envoy "uses a biometric time tracking system that requires workers to use their fingerprint and/or handprint as a means of authentication."  (Compl. ¶ 2.) Plaintiff further alleges that Defendant's time tracking system "unlawfully collected, stored, and used [employee's] biometric data in violation of the BIPA."  (*Id*. ¶ 4.)

5.      Specifically, Plaintiff claims that Envoy violated BIPA by failing to:

- "Develop a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the putative BIPA Class's fingerprints and/or handprints, or any biometric information derived therefrom, as required by the BIPA;

- Properly inform Plaintiff and putative BIPA Class members in writing that their biometric information or identifiers were being collected;

- Properly inform Plaintiff and the putative BIPA Class members of the specific purpose and length of time for which their fingerprints, handprints, and/or biometric information were being collected, stored, and used, as required by the BIPA; nor

- Receive a prior written authorization from Plaintiff or the members of the putative BIPA Class to collect, capture, or otherwise obtain their fingerprints, handprints, and/or biometric information as required by the BIPA."

(*Id*. ¶ 4.)

6.      Based on these allegations, Plaintiff seeks, on behalf of herself and others similarly situated, statutory damages of "anywhere from $1,000 to $5,000"; reasonable

2

attorneys' fees, costs, and other litigation expenses pursuant to BIPA; and pre- and post-judgment interest, among other relief.  (*Id.* ¶ 54, Prayer for Relief.)

7.      Plaintiff defines the putative class as follows: "All individuals who worked for Envoy and who had their fingerprints and/or handprints and/or biometric identifiers and/or biometric information collected, captured, received, otherwise obtained, used, stored, or possessed by Envoy in the State of Illinois from December 23, 2015 through July 18, 2019."  (*Id.* ¶ 32.)

## GROUNDS FOR REMOVAL

8.      This Court has jurisdiction over this action pursuant to (i) 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000; and (ii) the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is minimal diversity between the purported class and Envoy, the proposed class consists of more than 100 members, and the amount in controversy exceeds $5 million, aggregating all claims (exclusive of interests and costs).

## REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(a)

9.      Plaintiff is a citizen of Illinois.  (Compl. ¶ 5.)

10.     For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business (*i.e.*, where the corporation maintains its headquarters that is the center of direction, control, and coordination of the corporation).  *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (citing 28 U.S.C. § 1332 (c)(1)); *Hertz Corp v. Friend*, 559 U.S. 77 (2010).  Envoy is incorporated in the State of Delaware and is thus a citizen of Delaware.  (*See* Compl. ¶ 6.)

3

Envoy's corporate headquarters and its principal place of business are in Texas, and thus Envoy is also a citizen of Texas. *See* Envoy Air, Inc., *Corporate*, https://www.envoyair.com/corporate/.

11.     Because Plaintiff is a citizen of Illinois and Envoy is a citizen of Delaware and Texas, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

12.     The amount in controversy requirement under 28 U.S.C. § 1332(a) is met because, based on Plaintiff's allegations, her alleged damages exceed $75,000. *See Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (considering amount of potential damages based on allegations in complaint in determining amount in controversy).

13.     Plaintiff alleges that "[e]ach day, Plaintiff . . . [was] required to place her fingerprint and/or hand on a panel to be scanned in order to 'clock in' and 'clock out' of work." (Compl. ¶ 18.)  Plaintiff further alleges that for "each of the violations identified above, Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 to $5,000 in statutory damages." (*Id.* at ¶ 54.)

14.     While Envoy denies that Plaintiff is entitled to any relief, based on her allegations and interpretation of the statute, Plaintiff would have to clock in or out by scanning her finger only 16 times—equivalent to eight working days—before her statutory damages would exceed $75,000 (16 scans times $5,000/violation equals $80,000).  Because Plaintiff was employed by Envoy at O'Hare from June 29, 2017 through September 2017, and alleges that she and the putative class "throughout the past five years . . . were required to have their fingerprints (and at times their handprint) collected and/or captured," the amount in controversy exceeds $75,000. (Compl. ¶¶ 11-12); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (removal proper when "[t]here is no reason to believe on *the day the case was removed* that it was *legally impossible* for Oshana to recover more than $75,000") (emphasis in original).

4

## REMOVAL IS PROPER PURSUANT TO
## THE CLASS ACTION FAIRNESS ACT OF 2005

15.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class action:  (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("CAFA's provisions should be read broadly.").[2]  All three conditions are satisfied here.

16.     First, Plaintiff alleges that "[t]he exact number of Class members . . . is at least 1,000 individuals."  (Compl. ¶ 33.)  Thus, this action involves a putative class of 100 or more members.

17.     Second, as established above, Plaintiff is a citizen of Illinois and Envoy is a citizen of Delaware and Texas.  (*See supra* ¶ 11.)  Thus, at least one member of the class of plaintiffs is a citizen of a state different from the defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A).

18.     Third, based on Plaintiff's allegations and interpretation of the statute, the claims asserted by Plaintiff on behalf of the proposed class—aggregated as required by 28 U.S.C. § 1332(d)(6)—exceed $5 million.  Although Envoy denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the

---

[2] Envoy does not waive, and expressly reserves, all arguments that this matter is improper for class certification.

putative class and the relief sought, the amount in controversy in this litigation exceeds $5 million.

19.     To invoke CAFA jurisdiction, the notice of removal must allege that the aggregate amount in controversy plausibly exceeds $5 million. *Dart*, 574 U.S. at 84, 87. A notice of removal meets this standard where, as here, it contains a plausible assertion that the amount in controversy exceeds the jurisdictional threshold; it need not contain evidentiary submissions. *See Dart*, 574 U.S. at 83-88; *Betzner v. Boeing Co*., 910 F.3d 1010, 1014 (7th Cir. 2018) (holding notice of removal "need not contain evidentiary submissions"). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008) (internal citations omitted) (reversing district court judge remanding class action because recovery of greater than $5 million was "uncertain" because "[u]ncertainty differs from impossibility").

20.     Plaintiff alleges that "at least 1,000 individuals" are members of the class. (Compl. ¶ 33.) Because Plaintiff alleges that each putative class member is potentially entitled to $5,000 in statutory damages for each finger scan, the $5 million amount in controversy would be satisfied even after one workday of each alleged class member clocking in and out. (*See id*. ¶¶ 33, 54.) Indeed, under Plaintiff's alleged theory of damages, even if there were only 100 putative class members, each of whom worked for a five-day workweek and scanned a finger twice per day, the amount in controversy would equal $5 million. Thus, the amount in controversy required for removal is satisfied.

## REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET

21.     Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the State Court, which is located in the Northern District of Illinois.

22.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Envoy in the State Court action are attached as Exhibit A.

23.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of Envoy's receipt, by service or otherwise, of a copy of the Complaint.

24.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Envoy will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

25.     No previous application has been made for the relief requested herein.

26.     By filing this Notice of Removal, Envoy does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

27.     Envoy reserve the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent.

WHEREFORE, Envoy respectfully gives notice of and removes the action to this Court.


Dated:  January 8, 2021                          Respectfully submitted,

                                                 */s/ Larry S. Kaplan*
                                                 Larry S. Kaplan (ARDC # 1398717)
                                                 KMA ZUCKERT LLC
                                                 200 West Madison Street, 16th Fl.
                                                 Chicago, Illinois 60606
                                                 Telephone: (312) 345-3000

Fax: (312) 345-3119
E-mail: lkaplan@kmazuckert.com

Mark W. Robertson
(*pro hac vice to be submitted*)
Sloane Ackerman
(*pro hac vice to be submitted*)
Charles J. Mahoney
(*pro hac vice to be submitted*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mrobertson@omm.com
sackerman@omm.com
cmahoney@omm.com

*Attorneys for Defendant Envoy Air, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Larry S. Kaplan, an attorney, hereby certify that on January 8, 2021, pursuant to Fed.

R. Civ. P. 5 and LR 5.5, I caused a true and correct copy of the foregoing **NOTICE OF**

**REMOVAL** to be filed with the Clerk of Court using the CM/ECF System, which will send

notification of such filing to the attorneys of record at the email addresses on file with the court, and

to be served by electronic mail on counsel of record in *Maysoun Abudayyeh, individually and on*

*behalf of all others similarly situated v. Envoy Air, Inc.*, Case No. 2020-CH-07436, in the Circuit

Court of Cook County, addressed as follows:

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
robin@potterlaw.org
alenna@potterlaw.org

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
acaffarelli@caffarelli.com

*/s/ Larry S. Kaplan*
Larry S. Kaplan