# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 4/22/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

**IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/23/2020 10:34 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11609265

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

ENVOY AIR, INC.,

        Defendant.

2020CH07436

## CLASS ACTION COMPLAINT

Plaintiff, Maysoun Abudayyeh ("Abudayyeh" or "Plaintiff"), individually and on behalf of all others similarly situated (the "putative BIPA Class"), by and through her attorneys, Potter Bolaños LLC and Caffarelli & Associates, Ltd., complains against Defendant Envoy Air, Inc. ("Envoy" or "Defendant") as follows:

### NATURE OF ACTION

1.    This is a class action under the Biometric Information Privacy Act, 740 ILCS 14/l, *et seq.* ("BIPA") on behalf of all persons in Illinois who had their biometric information and/or biometric identifiers, including but not limited to handprints and/or fingerprints, improperly collected, captured, or otherwise obtained and/or retained by Defendant.

2.    Individuals who perform work at Defendant's facilities in Illinois have been required to place their finger and at times, a hand, on Defendant's biometric time clocks. That is because Defendant uses a biometric time tracking system that requires workers to use their fingerprint and/or handprint as a means of authentication.

3.    Illinois enacted the BIPA as an informed consent statute, specifically imposing safeguards to (a) ensure that individuals' privacy rights and control over their biometric identifiers and biometric information are properly honored and protected, and (b) subject private entities who fail to follow the statute's requirements to substantial potential liability.

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

4.     Defendant disregarded workers' statutorily protected rights and unlawfully collected, stored, and used their biometric data in violation of the BIPA.  Specifically, Defendant has committed at least four distinct violations of BIPA because it did not:

     a.  Develop a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the putative BIPA Class's fingerprints and/or handprints, or any biometric information derived therefrom, as required by the BIPA;

     b.  Properly inform Plaintiff and putative BIPA Class members in writing that their biometric information or identifiers were being collected;

     c.  Properly inform Plaintiff and the putative BIPA Class members of the specific purpose and length of time for which their fingerprints, handprints, and/or biometric information were being collected, stored, and used, as required by the BIPA; nor

     d.  Receive a prior written authorization from Plaintiff or the members of the putative BIPA Class to collect, capture, or otherwise obtain their fingerprints, handprints, and/or biometric information as required by the BIPA.

## PARTIES

5.     Plaintiff Maysoun Abudayyeh is an adult resident of Chicago, Illinois and worked for Defendant at O'Hare International Airport located in Chicago, Cook County, Illinois from in or about July 2000 through February 13, 2017, and June 29, 2017 through September 2017.

6.     Envoy is a Delaware corporation registered to conduct business within the State of Illinois.  Defendant is a regional commercial airline that operates throughout the United States, including in multiple facilities throughout the State of Illinois.

7.     Upon information and belief, at least 1,000 individuals performed work for Defendant in the State of Illinois.  Defendant collects, captures, and/or otherwise obtains biometric identifiers and/or biometric information from these individuals through its timekeeping system.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, and has committed unlawful acts in Illinois.

FILED DATE: 12/23/2020 10:34 AM 2020CH07436

9.     Additionally, this Court has jurisdiction over Plaintiff because she is a resident of the State of Illinois.

10.     Defendant maintains offices and conducts business in Chicago, Cook County, Illinois; therefore, venue is proper pursuant to 735 ILCS 5/2-101, 102.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Envoy as a Passenger Service Agent ("PSA") from in or about July 2000 through February 13, 2017, and from June 29, 2017 through September 2017.

12.     Throughout the past five years, Plaintiff, and all other members of the putative BIPA Class, were required to have their fingerprints (and at times their handprint) collected and/or captured so that Defendant could store it and use it moving forward as a method of identification to record their hours of work.

13.     Defendant initially implemented timeclocks that required Plaintiff and members of the putative BIPA class to key in their employee ID numbers and place solely their fingertips on a panel to be scanned.

14.     Defendant subsequently installed different biometric timeclocks that required Plaintiff and members of the putative BIPA class to place their entire hand on a panel to scan their fingerprints or handprints.  Because Defendant never provided Plaintiff with information regarding how the time clocks functioned and she was required to place her entire hand on the panel, she is not certain if the clocks still captured only her fingerprints or if it also captured her handprint.

15.     Upon information and belief, Defendant failed to develop a written policy establishing a retention schedule and guidelines for permanently destroying biometric information and biometric identifiers.

16.     Defendant did not make publicly available any written policy concerning a retention schedule or guidelines for permanently destroying biometric information and identifiers.

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

17.     Defendant failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA class, with information about its policies or practices.

18.     Each day, Plaintiff, and the putative BIPA Class members was each required to place her fingerprint and/or hand on a panel to be scanned in order to 'clock in' and 'clock out' of work.

19.     By scanning Plaintiff's fingerprint and or handprint, and the fingerprints and/or handprints of the putative BIPA Class members, Defendant was collecting, capturing, and otherwise obtaining their biometric information and/or biometric identifiers.

20.     Defendant failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with written notice of the fact that it was collecting, storing, and using their biometric information and/or identifiers prior to collecting, capturing, or otherwise obtaining biometric information and/or identifiers.

21.     Defendant failed to obtain prior written consent or any form of written release from Plaintiff or, upon information and belief, any putative BIPA Class member before it collected, captured, obtained, stored, or used those individuals' biometric information.

22.     Defendant did not inform Plaintiff or, upon information and belief, any putative BIPA Class member, of the specific purposes or length of time for which it collected, stored, or used her fingerprint, handprint, and/or biometric information.

23.     Defendant did not inform Plaintiff of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her fingerprints and/or biometric information.

24.     Plaintiff was not provided with nor ever signed a written release allowing Defendant to collect, capture, obtain, store, or use her fingerprints, handprint, and/or biometric

4

information.

25.    On November 25, 2015, the National Mediation Board certified that the Communications Workers of America, AFL-CIO ("the Union") had been duly designated and authorized to represent the craft or class of Passenger Service Employees, employees of Envoy.

26.    Effective July 19, 2019, the Union and Defendant entered a Letter of Agreement regarding arbitration and waiver of certain claims.

27.    Effective August 15, 2019, the Union and Defendant entered a collective bargaining agreement.

28.    Prior to August 15, 2019, there was no collective bargaining agreement controlling the terms of employment for Plaintiff or the members of the putative BIPA Class.

29.    Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

## CLASS ALLEGATIONS

30.    Upon information and belief, the practices, policies, and consequences pertinent to Defendant's biometric system as described above applied to each member of the putative BIPA Class.

31.    Upon information and belief, Defendant employs at least 1,000 individuals in Illinois who are similarly situated persons and potential Class members.

32.    **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a BIPA Class of similarly situated individuals, defined as follows:

> **All individuals who worked for Envoy and who had their fingerprints and/or handprints and/or biometric identifiers and/or biometric information collected, captured, received, otherwise obtained, used, stored, or possessed by Envoy in the State of Illinois from December 23, 2015 through July 18, 2019.**

5

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

33.     **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information and belief, it is at least 1,000 individuals, making individual joinder impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least 1,000 people who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

34.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.      whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

    b.      whether Defendant properly informed Plaintiff and the Class in writing of their purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

    c.      whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

    d.      whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within three years of their last interaction, whichever occurs first;

    e.      whether Defendant complies with any such written policy (if one exists);

    f.      whether Defendant used Plaintiff's and the Class's fingerprints and/or handprints and/or biometric identifiers and/or biometric information to identify them; and

    g.      whether Defendant's violations of the BIPA were committed negligently or recklessly.

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Class because all potential plaintiffs were subject to Defendant's uniform policies and practices, and Plaintiff worked at two of Defendant's locations.  Plaintiff and her counsel are committed to vigorously prosecuting her action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

36. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### COUNT I – BIOMETRIC INFORMATION PRIVACY ACT
### (Class Action)

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

37.     Plaintiff restates and incorporates the foregoing allegations as though fully set forth herein.

38.     BIPA is an informed consent statute that achieves its goal of protecting individuals' privacy rights by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information," unless *it first:*

> (1)     informs the subject in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2)     informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3)     receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

39.     In the employment context, a "written release" means "a release executed by an employee as a condition of employment." 740 ILCS 14/10.

40.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

41.     BIPA also established standards for how companies must handle individuals' biometric identifiers and biometric information, as follows: "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric

FILED DATE: 12/23/2020 10:34 AM    2020CH07436

identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 740 ILCS 14/15(a).

42.     Ultimately, BIPA is simply an informed consent statute, which mandates that entities wishing to collect, store, and/or use biometric information must put in place certain reasonable safeguards to protect individuals' privacy. *See* 740 ILCS 14/15.

43.     BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored , and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

44.     BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and – importantly – deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (e.g. when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/ 1 5(a).

45.     Defendant failed to comply with BIPA mandates, thus committing at least four

FILED DATE: 12/23/2020 10:34 AM    2020CH07436

distinct violations of BIPA with respect to Plaintiff and each putative BIPA Class member.

46.     Defendant's failure to comply with BIPA mandates was negligent and/or reckless.

47.     Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

48.     Plaintiff and the BIPA Class members are individuals who had their "biometric identifiers" (in the form of their fingerprints and/or handprints) collected by Defendant by way of Defendant's biometric scanner, i.e., time clock. *See* 740 ILCS 14/10.

49.     Plaintiff's and the BIPA Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50.     Defendant violated 740 ILCS 14/15(a) by failing to develop or publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class.

51.     Defendant violated 740 ILCS 14/15(b)(l) by failing to inform Plaintiff and the BIPA Class in writing that their biometric identifiers and/or biometric information were being collected and stored.

52.     Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the BIPA Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used.

53.     Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the BIPA Class before it collected, used, and/or stored their biometric identifiers and biometric information.

54.     For each of the violations identified above, Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 to $5,000 in statutory damages.

55.     Therefore, Defendant violated Plaintiff's and the Class's rights to control of their

FILED DATE: 12/23/2020 10:34 AM   2020CH07436

biometric identifiers and biometric information, and committed actionable statutory violations of BIPA. 740 ILCS 14/1, *et seq.*; *Rosenbach v. Six Flags Entertainment Corp.*, No. 123186, 2019 WL 323902 (Ill. Jan. 25, 2019).

WHEREFORE, Plaintiff Maysoun Abudayyeh, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Envoy Air, Inc. and grant her the following relief:

a) Certifying this case as a class action on behalf of the BIPA Class defined above, appointing Plaintiff as representative of the BIPA Class, and appointing her counsel as Class Counsel;

b) Awarding injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

c) Awarding statutory damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20;

d) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees and costs;

e) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

f) Any further relief that is deemed just and equitable.

Dated: December 23, 2020

Respectfully submitted,

MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated,


By: /s/ Alejandro Caffarelli
      One of Plaintiff's Attorneys

FILED DATE: 12/23/2020 10:34 AM    2020CH07436

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*
*alenna@potterlaw.org*

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
<u>Firm ID 58616</u>
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/23/2020 11:56 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11612221

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

ENVOY AIR, INC.,

Defendant.

Case No. 2020 CH 07436

**Judge David B. Atkins**

## PLAINTIFF'S INITIAL MOTION TO CERTIFY A CLASS ACTION

Plaintiff, Maysoun Abudayyeh ("Abudayyeh" or "Plaintiff"), individually and on behalf of all others similarly situated (the "putative BIPA Class"), by and through her attorneys, Potter Bolaños LLC and Caffarelli & Associates, Ltd., and pursuant to 735 ILCS 5/2-801 *et seq.*, respectfully moves this Honorable Court to grant her Motion to Certify a Class Action after Plaintiff has had an opportunity to develop facts in support of the same. In support of this Motion, Plaintiff states as follows:

1. Plaintiff Abudayyeh and the putative class members performed work for Defendant Envoy Air, Inc. ("Envoy" or "Defendant") within the State of Illinois between December 23, 2015 and July 18, 2019. Plaintiff alleges that Envoy violated the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") because it did not:

- Properly inform Plaintiff and Class Members in writing that their biometric information and/or identifiers were being collected;

- Properly inform Plaintiff and Class members in writing of the specific purpose and length of time for which their biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information was being collected, stored, and used, as required by BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information, as required by BIPA; nor

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information, as required by BIPA.

2.      Plaintiff seeks treatment of this claim as a class action pursuant to 735 ILCS 5/2-801 *et seq.*  Pursuant to 740 ILCS 14/20, Plaintiff seeks for herself and all members of the putative class statutory damages of at least $1,000 (one thousand dollars) for each of Defendant's violations if negligent, or at least $5,000 (five thousand dollars) if Defendant's actions in violating BIPA were reckless or intentional, injunctive and other equitable relief, pre- and post-judgment interest, attorneys' fees and costs, and other relief as allowed based upon Defendant's violations of the BIPA.

3.      Plaintiff seeks to certify a Class defined as:

> All individuals who worked for Envoy and who had their fingerprints and/or handprints and/or biometric identifiers and/or biometric information collected, captured, received, otherwise obtained, used, stored, or possessed by Envoy in the State of Illinois from December 23, 2015 through July 18, 2019.

4.      The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information, and belief, it is at least 1,000 individuals. It is clear that individual joinder is impracticable.

5.      Common questions of law and fact predominate the claims of the entire Plaintiff Class; these common questions of law and fact predominate over the variations that may exist between members of the Class, if any.  Common questions for the Class include, but are not necessarily limited to the following:

- whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

- whether Defendant properly informed Plaintiff and the Class in writing of their purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

2

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

- whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

- whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within three years of their last interaction, whichever occurs first;

- whether Defendant complies with any such written policy (if one exists);

- whether Defendant used Plaintiff's and the Class's fingerprints and/or handprints and/or biometric identifiers and/or biometric information to identify them; and

- whether Defendant's violations of the BIPA were committed negligently or recklessly.

6.      The named Plaintiff is an adequate representative of the class because she and all potential plaintiffs were subject to Defendant's uniform practices and policies.  Further, the named Plaintiff and the potential class plaintiffs have suffered the same type of damages as a result of Defendant's practices and policies.

7.      Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

8.      Plaintiff's counsel is competent and experienced in litigating large complex class actions.

9.      Plaintiff files this Motion in order to guard against any attempt by the Defendant to moot the Plaintiff's claims.  *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) (a defendant faced with a putative class action may be able to moot the proposed class representative by tendering complete relief before class certification is sought).

10.     Plaintiff further requests that this Court delay ruling on the instant motion until she has had the opportunity to conduct discovery on her claims.  *See id*.  Plaintiff will file a Memorandum of Law in support of this motion after conducting discovery.

WHEREFORE, Plaintiff, Maysoun Abudayyeh, respectfully requests that this Honorable Court grant her Initial Motion to Certify a Class Action after she has had an opportunity to conduct discovery, and filed a Memorandum of Law in support of the same.

Dated: December 23, 2020

Respectfully submitted,

MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated,

By: /s/ Alejandro Caffarelli
    One of Plaintiff's Attorneys

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*
*alenna@potterlaw.org*

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

FILED DATE: 12/23/2020 11:56 AM    2020CH07436

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached, **Plaintiff's Initial Motion to Certify a Class Action**, will be served by U.S. Mail to the parties listed below:

ENVOY AIR, INC.
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 South Michigan Ave., Suite 300
Chicago, Illinois 60604

Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/23/2020 12:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11612465

| | |
|---|---|
| MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2020 CH 07436 |
| v. | |
| ENVOY AIR, INC., | **Judge David B. Atkins** |
| Defendant. | |

FILED DATE: 12/23/2020 12:01 PM    2020CH07436

## NOTICE OF PLAINTIFF'S INITIAL MOTION TO CERTIFY A CLASS ACTION

**PLEASE TAKE NOTICE** that on January 13, 2021 at 10:00 a.m., or as soon as counsel

may be heard, we will appear before the Honorable Judge David B. Atkins in Courtroom 2102 of

the Richard J. Daley Center, 50 West Washington Str., Chicago, Illinois, via Zoom ( Meeting ID:

925 5932 0340, Password: 209408, Telephone: (312) 626-6799) and shall then and there present

Plaintiff's Initial Motion to Certify a Class Action, a copy of which is hereby served on you.

Dated: December 23, 2020

Robin Potter                                    Respectfully submitted,
Alenna Bolin
Potter Bolaños LLC                              MAYSOUN ABUDAYYEH, individually and
111 East Wacker Drive, Suite 2600               on behalf of all others similarly situated,
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*                           By: /s/ Alejandro Caffarelli
*alenna@potterlaw.org*                               One of Plaintiff's Attorneys

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the attached, **Notice of Plaintiff's Initial Motion to Certify a Class Action**, will be served by U.S. Mail to the parties listed below:

ENVOY AIR, INC.
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 South Michigan Ave., Suite 300
Chicago, Illinois 60604

FILED DATE: 12/23/2020 12:01 PM   2020CH07436

 CT Corporation

**Service of Process Transmittal**
12/31/2020
CT Log Number 538823469

TO: Kevin Patterson
American Airlines Group Inc.
1 SKYVIEW DRIVE, MD 8B503
FORT WORTH, TX 76155

RE: **Process Served in Illinois**

FOR: Envoy Air Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated, Pltf. vs. ENVOY AIR, INC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 2020CH07436 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 12/31/2020 postmarked on 12/28/2020 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/31/2020, Expected Purge Date: 01/05/2021 |
| | Image SOP |
| | Email Notification, Kevin Patterson kevin.patterson@aa.com |
| | Email Notification, Dede Hassell dede.hassell@aa.com |
| | Email Notification, Mckenzie Brown mckenzie.brown@aa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| | 866-665-5799 SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

LAW OFFICES

Caffarelli & Associates

LIMITED

224 SOUTH MICHIGAN AVENUE, SUITE 300
CHICAGO, IL 60604

12/23/20

CAROL STREAM IL 601

28 DEC 2020 PM

UNITED STATES POSTAGE

02 1P          $ 000.500
0001947948   DEC 20 2020
MAILED FROM ZIP CODE 60604

PITNEY BOWES

ENVOY AIR, INC.
c/o CT Corporation System – Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/23/2020 12:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11612465

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

         Plaintiff,

    v.

ENVOY AIR, INC.,

         Defendant.

Case No. 2020 CH 07436

**Judge David B. Atkins**

FILED DATE: 12/23/2020 12:01 PM   2020CH07436

### NOTICE OF PLAINTIFF'S INITIAL MOTION TO CERTIFY A CLASS ACTION

    **PLEASE TAKE NOTICE** that on January 13, 2021 at 10:00 a.m., or as soon as counsel

may be heard, we will appear before the Honorable Judge David B. Atkins in Courtroom 2102 of

the Richard J. Daley Center, 50 West Washington Str., Chicago, Illinois, via Zoom ( Meeting ID:

925 5932 0340, Password: 209408, Telephone: (312) 626-6799) and shall then and there present

Plaintiff's Initial Motion to Certify a Class Action, a copy of which is hereby served on you.

    Dated: December 23, 2020

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*
*alenna@potterlaw.org*

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

Respectfully submitted,

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

By: */s/ Alejandro Caffarelli*
    One of Plaintiff's Attorneys

FILED DATE: 12/23/2020 12:01 PM   2020CH07436

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached, **Notice of Plaintiff's Initial Motion to Certify a Class Action**, will be served by U.S. Mail to the parties listed below:

ENVOY AIR, INC.
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 South Michigan Ave., Suite 300
Chicago, Illinois 60604

Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number:
Location:

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
12/23/2020 11:56 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11612221

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

ENVOY AIR, INC.,

        Defendant.

Case No. 2020 CH 07436

**Judge David B. Atkins**

## PLAINTIFF'S INITIAL MOTION TO CERTIFY A CLASS ACTION

Plaintiff, Maysoun Abudayyeh ("Abudayyeh" or "Plaintiff"), individually and on behalf of all others similarly situated (the "putative BIPA Class"), by and through her attorneys, Potter Bolaños LLC and Caffarelli & Associates, Ltd., and pursuant to 735 ILCS 5/2-801 *et seq.*, respectfully moves this Honorable Court to grant her Motion to Certify a Class Action after Plaintiff has had an opportunity to develop facts in support of the same. In support of this Motion, Plaintiff states as follows:

1.     Plaintiff Abudayyeh and the putative class members performed work for Defendant Envoy Air, Inc. ("Envoy" or "Defendant") within the State of Illinois between December 23, 2015 and July 18, 2019. Plaintiff alleges that Envoy violated the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") because it did not:

- Properly inform Plaintiff and Class Members in writing that their biometric information and/or identifiers were being collected;

- Properly inform Plaintiff and Class members in writing of the specific purpose and length of time for which their biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information was being collected, stored, and used, as required by BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information, as required by BIPA; nor

FILED DATE: 12/23/2020 11:56 AM  2020CH07436

FILED DATE: 12/23/2020 11:56 AM  2020CH07436

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their biometric identifiers (in the form of their fingerprints and/or handprints) or biometric information, as required by BIPA.

2.     Plaintiff seeks treatment of this claim as a class action pursuant to 735 ILCS 5/2-801 *et seq.* Pursuant to 740 ILCS 14/20, Plaintiff seeks for herself and all members of the putative class statutory damages of at least $1,000 (one thousand dollars) for each of Defendant's violations if negligent, or at least $5,000 (five thousand dollars) if Defendant's actions in violating BIPA were reckless or intentional, injunctive and other equitable relief, pre- and post-judgment interest, attorneys' fees and costs, and other relief as allowed based upon Defendant's violations of the BIPA.

3.     Plaintiff seeks to certify a Class defined as:

All individuals who worked for Envoy and who had their fingerprints and/or handprints and/or biometric identifiers and/or biometric information collected, captured, received, otherwise obtained, used, stored, or possessed by Envoy in the State of Illinois from December 23, 2015 through July 18, 2019.

4.     The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information, and belief, it is at least 1,000 individuals. It is clear that individual joinder is impracticable.

5.     Common questions of law and fact predominate the claims of the entire Plaintiff Class; these common questions of law and fact predominate over the variations that may exist between members of the Class, if any. Common questions for the Class include, but are not necessarily limited to the following:

- whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

- whether Defendant properly informed Plaintiff and the Class in writing of their purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

2

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

- whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

- whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within three years of their last interaction, whichever occurs first;

- whether Defendant complies with any such written policy (if one exists);

- whether Defendant used Plaintiff's and the Class's fingerprints and/or handprints and/or biometric identifiers and/or biometric information to identify them; and

- whether Defendant's violations of the BIPA were committed negligently or recklessly.

6.      The named Plaintiff is an adequate representative of the class because she and all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the potential class plaintiffs have suffered the same type of damages as a result of Defendant's practices and policies.

7.      Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

8.      Plaintiff's counsel is competent and experienced in litigating large complex class actions.

9.      Plaintiff files this Motion in order to guard against any attempt by the Defendant to moot the Plaintiff's claims. *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) (a defendant faced with a putative class action may be able to moot the proposed class representative by tendering complete relief before class certification is sought).

3

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

10.     Plaintiff further requests that this Court delay ruling on the instant motion until she has had the opportunity to conduct discovery on her claims. *See id.* Plaintiff will file a Memorandum of Law in support of this motion after conducting discovery.

WHEREFORE, Plaintiff, Maysoun Abudayyeh, respectfully requests that this Honorable Court grant her Initial Motion to Certify a Class Action after she has had an opportunity to conduct discovery, and filed a Memorandum of Law in support of the same.

Dated: December 23, 2020

                                        Respectfully submitted,

                                        MAYSOUN ABUDAYYEH, individually and
                                        on behalf of all others similarly situated,


                                        By: /s/ Alejandro Caffarelli
                                            One of Plaintiff's Attorneys

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*
*alenna@potterlaw.org*

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

4

FILED DATE: 12/23/2020 11:56 AM   2020CH07436

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the attached, **Plaintiff's Initial Motion to Certify a Class Action**, will be served by U.S. Mail to the parties listed below:

ENVOY AIR, INC.
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

/s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Associates Ltd.
224 South Michigan Ave., Suite 300
Chicago, Illinois 60604

 CT Corporation

**Service of Process Transmittal**
01/06/2021
CT Log Number 538844417

TO: Kevin Patterson
American Airlines Group Inc.
1 SKYVIEW DRIVE, MD 8B503
FORT WORTH, TX 76155

RE: **Process Served in Illinois**

FOR: Envoy Air Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated, Pltf. vs. ENVOY AIR, INC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 2020CH07436 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/06/2021 at 12:11 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/06/2021, Expected Purge Date: 01/11/2021 |
| | Image SOP |
| | Email Notification, Kevin Patterson kevin.patterson@aa.com |
| | Email Notification, Dede Hassell dede.hassell@aa.com |
| | Email Notification, Mckenzie Brown mckenzie.brown@aa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| | 866-665-5799 SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 CT Corporation

**Service of Process
Transmittal**
01/06/2021
CT Log Number 538844417

**TO:**     Kevin Patterson
            American Airlines Group Inc.
            1 SKYVIEW DRIVE, MD 8B503
            FORT WORTH, TX 76155

**RE:**     **Process Served in Illinois**

**FOR:**    Envoy Air Inc.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Regular Mail on 12/31/2020 at 11:31 postmarked on 12/28/2020 | Kevin Patterson American Airlines Group Inc. | 538823469 |



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jan 6, 2021

**Server Name:** Sheriff Drop

| Entity Served | ENVOY AIR INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2020CH07436 |
| Jurisdiction | IL |



Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
Cook County, IL

* 5 0 0 4 7 6 9 7 *

FILED
12/23/2020 12:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11613432

2120 - Served                              2121 - Served
2220 - Not Served                      2221 - Not Served
2320 - Served By Mail               2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
Summons - Alias Summons                          (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ABUDAYYEH, ind. and on behalf

(Name all parties)

v.

ENVOY AIR, INC.

Case No.   2020 CH 07436

### ☑ SUMMONS   ☐ ALIAS SUMMONS

ENVOY AIR, INC. c/o CT Corporation System - Registered Agent
To each Defendant: 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

1

Summons - Alias Summons                                  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 58616

Atty Name: Alejandro Caffarelli

Atty. for: Plaintiff

Address: 224 S Michigan Avenue, Suite 300

City: Chicago

State: IL    Zip: 60604

Telephone: 312-763-6880

Primary Email: acaffarelli@caffarelli.com

Witness: 12/23/2020 12:35 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

* 5 0 0 4 7 6 9 7 *

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 1/13/2021 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

* 5 0 0 4 7 6 9 7 *
FILED
12/23/2020 12:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11613432

2120 - Served      2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail      2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons          (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ABUDAYYEH, ind. and on behalf

                 (Name all parties)    Case No.    2020 CH 07436

            v.

ENVOY AIR, INC.

### ☑ SUMMONS    ☐ ALIAS SUMMONS

**ENVOY AIR, INC. c/o CT Corporation System - Registered Agent**
To each Defendant: **208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons                              (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 58616

Atty Name: Alejandro Caffarelli

Atty. for: Plaintiff

Address: 224 S Michigan Avenue, Suite 300

City: Chicago

State: IL    Zip: 60604

Telephone: 312-763-6880

Primary Email: acaffarelli@caffarelli.com

Witness: 12/23/2020 12:35 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

\* 5 0 0 4 7 6 9 7 \*

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

## Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ◉ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Case: 1:21-cv-00142 Document #: 1-1 Filed: 01/08/21 Page 39 of 50 PageID #:43

Return Date: No return date scheduled
Hearing Date: 4/22/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

* 5 0 0 4 7 6 9 7 *

FILED
12/23/2020 10:34 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07436

11609265

**IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS COUNTY DEPARTMENT, CHANCERY DIVISION**

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

ENVOY AIR, INC.,

    Defendant.

2020CH07436

## CLASS ACTION COMPLAINT

Plaintiff, Maysoun Abudayyeh ("Abudayyeh" or "Plaintiff"), individually and on behalf of all others similarly situated (the "putative BIPA Class"), by and through her attorneys, Potter Bolaños LLC and Caffarelli & Associates, Ltd., complains against Defendant Envoy Air, Inc. ("Envoy" or "Defendant") as follows:

### NATURE OF ACTION

1. This is a class action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") on behalf of all persons in Illinois who had their biometric information and/or biometric identifiers, including but not limited to handprints and/or fingerprints, improperly collected, captured, or otherwise obtained and/or retained by Defendant.

2. Individuals who perform work at Defendant's facilities in Illinois have been required to place their finger and at times, a hand, on Defendant's biometric time clocks. That is because Defendant uses a biometric time tracking system that requires workers to use their fingerprint and/or handprint as a means of authentication.

3. Illinois enacted the BIPA as an informed consent statute, specifically imposing safeguards to (a) ensure that individuals' privacy rights and control over their biometric identifiers and biometric information are properly honored and protected, and (b) subject private entities who fail to follow the statute's requirements to substantial potential liability.

* 5 0 0 4 7 6 9 7 *

4.     Defendant disregarded workers' statutorily protected rights and unlawfully collected, stored, and used their biometric data in violation of the BIPA.  Specifically, Defendant has committed at least four distinct violations of BIPA because it did not:

     a.   Develop a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the putative BIPA Class's fingerprints and/or handprints, or any biometric information derived therefrom, as required by the BIPA;

     b.   Properly inform Plaintiff and putative BIPA Class members in writing that their biometric information or identifiers were being collected;

     c.   Properly inform Plaintiff and the putative BIPA Class members of the specific purpose and length of time for which their fingerprints, handprints, and/or biometric information were being collected, stored, and used, as required by the BIPA; nor

     d.   Receive a prior written authorization from Plaintiff or the members of the putative BIPA Class to collect, capture, or otherwise obtain their fingerprints, handprints, and/or biometric information as required by the BIPA.

## PARTIES

5.     Plaintiff Maysoun Abudayyeh is an adult resident of Chicago, Illinois and worked for Defendant at O'Hare International Airport located in Chicago, Cook County, Illinois from in or about July 2000 through February 13, 2017, and June 29, 2017 through September 2017.

6.     Envoy is a Delaware corporation registered to conduct business within the State of Illinois.  Defendant is a regional commercial airline that operates throughout the United States, including in multiple facilities throughout the State of Illinois.

7.     Upon information and belief, at least 1,000 individuals performed work for Defendant in the State of Illinois.  Defendant collects, captures, and/or otherwise obtains biometric identifiers and/or biometric information from these individuals through its timekeeping system.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, and has committed unlawful acts in Illinois.

9.      Additionally, this Court has jurisdiction over Plaintiff because she is a resident of the State of Illinois.

10.     Defendant maintains offices and conducts business in Chicago, Cook County, Illinois; therefore, venue is proper pursuant to 735 ILCS 5/2-101, 102.

### FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Envoy as a Passenger Service Agent ("PSA") from in or about July 2000 through February 13, 2017, and from June 29, 2017 through September 2017.

12.     Throughout the past five years, Plaintiff, and all other members of the putative BIPA Class, were required to have their fingerprints (and at times their handprint) collected and/or captured so that Defendant could store it and use it moving forward as a method of identification to record their hours of work.

13.     Defendant initially implemented timeclocks that required Plaintiff and members of the putative BIPA class to key in their employee ID numbers and place solely their fingertips on a panel to be scanned.

14.     Defendant subsequently installed different biometric timeclocks that required Plaintiff and members of the putative BIPA class to place their entire hand on a panel to scan their fingerprints or handprints. Because Defendant never provided Plaintiff with information regarding how the time clocks functioned and she was required to place her entire hand on the panel, she is not certain if the clocks still captured only her fingerprints or if it also captured her handprint.

15.     Upon information and belief, Defendant failed to develop a written policy establishing a retention schedule and guidelines for permanently destroying biometric information and biometric identifiers.

16.     Defendant did not make publicly available any written policy concerning a retention schedule or guidelines for permanently destroying biometric information and identifiers.

3

* 5 0 0 4 7 6 9 7 *

17.     Defendant failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA class, with information about its policies or practices.

18.     Each day, Plaintiff, and the putative BIPA Class members was each required to place her fingerprint and/or hand on a panel to be scanned in order to 'clock in' and 'clock out' of work.

19.     By scanning Plaintiff's fingerprint and or handprint, and the fingerprints and/or handprints of the putative BIPA Class members, Defendant was collecting, capturing, and otherwise obtaining their biometric information and/or biometric identifiers.

20.     Defendant failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with written notice of the fact that it was collecting, storing, and using their biometric information and/or identifiers prior to collecting, capturing, or otherwise obtaining biometric information and/or identifiers.

21.     Defendant failed to obtain prior written consent or any form of written release from Plaintiff or, upon information and belief, any putative BIPA Class member before it collected, captured, obtained, stored, or used those individuals' biometric information.

22.     Defendant did not inform Plaintiff or, upon information and belief, any putative BIPA Class member, of the specific purposes or length of time for which it collected, stored, or used her fingerprint, handprint, and/or biometric information.

23.     Defendant did not inform Plaintiff of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her fingerprints and/or biometric information.

24.     Plaintiff was not provided with nor ever signed a written release allowing Defendant to collect, capture, obtain, store, or use her fingerprints, handprint, and/or biometric

* 5 0 0 4 7 6 9 7 *

information.

25.     On November 25, 2015, the National Mediation Board certified that the Communications Workers of America, AFL-CIO ("the Union") had been duly designated and authorized to represent the craft or class of Passenger Service Employees, employees of Envoy.

26.     Effective July 19, 2019, the Union and Defendant entered a Letter of Agreement regarding arbitration and waiver of certain claims.

27.     Effective August 15, 2019, the Union and Defendant entered a collective bargaining agreement.

28.     Prior to August 15, 2019, there was no collective bargaining agreement controlling the terms of employment for Plaintiff or the members of the putative BIPA Class.

29.     Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

## CLASS ALLEGATIONS

30.     Upon information and belief, the practices, policies, and consequences pertinent to Defendant's biometric system as described above applied to each member of the putative BIPA Class.

31.     Upon information and belief, Defendant employs at least 1,000 individuals in Illinois who are similarly situated persons and potential Class members.

32.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a BIPA Class of similarly situated individuals, defined as follows:

> **All individuals who worked for Envoy and who had their fingerprints and/or handprints and/or biometric identifiers and/or biometric information collected, captured, received, otherwise obtained, used, stored, or possessed by Envoy in the State of Illinois from December 23, 2015 through July 18, 2019.**

33. **Numerosity:** The exact number of Class members is unknown to Plaintiff at this time, but upon observation, information and belief, it is at least 1,000 individuals, making individual joinder impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least 1,000 people who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

34. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

b. whether Defendant properly informed Plaintiff and the Class in writing of their purposes for collecting, using, and/or storing their biometric identifiers or biometric information;

c. whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

d. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information was satisfied or within three years of their last interaction, whichever occurs first;

e. whether Defendant complies with any such written policy (if one exists);

f. whether Defendant used Plaintiff's and the Class's fingerprints and/or handprints and/or biometric identifiers and/or biometric information to identify them; and

g. whether Defendant's violations of the BIPA were committed negligently or recklessly.

6

35.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff is an adequate representative of the Class because all potential plaintiffs were subject to Defendant's uniform policies and practices, and Plaintiff worked at two of Defendant's locations.   Plaintiff and her counsel are committed to vigorously prosecuting her action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

36.     **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### COUNT I – BIOMETRIC INFORMATION PRIVACY ACT
### (Class Action)

7

37.     Plaintiff restates and incorporates the foregoing allegations as though fully set forth herein.

38.     BIPA is an informed consent statute that achieves its goal of protecting individuals' privacy rights by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information," unless *it first:*

(1)     informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

(2)     informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3)     receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

39.     In the employment context, a "written release" means "a release executed by an employee as a condition of employment." 740 ILCS 14/10.

40.     Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

41.     BIPA also established standards for how companies must handle individuals' biometric identifiers and biometric information, as follows: "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric

8

identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines." 740 ILCS 14/15(a).

42. Ultimately, BIPA is simply an informed consent statute, which mandates that entities wishing to collect, store, and/or use biometric information must put in place certain reasonable safeguards to protect individuals' privacy. *See* 740 ILCS 14/15.

43. BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored , and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

44. BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and – importantly – deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (e.g. when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/ 1 5(a).

45. Defendant failed to comply with BIPA mandates, thus committing at least four

9

distinct violations of BIPA with respect to Plaintiff and each putative BIPA Class member.

46.     Defendant's failure to comply with BIPA mandates was negligent and/or reckless.

47.     Defendant qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

48.     Plaintiff and the BIPA Class members are individuals who had their "biometric identifiers" (in the form of their fingerprints and/or handprints) collected by Defendant by way of Defendant's biometric scanner, i.e., time clock. *See* 740 ILCS 14/10.

49.     Plaintiff's and the BIPA Class's biometric identifiers were used to identify them, and therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50.     Defendant violated 740 ILCS 14/15(a) by failing to develop or publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class.

51.     Defendant violated 740 ILCS 14/15(b)(l) by failing to inform Plaintiff and the BIPA Class in writing that their biometric identifiers and/or biometric information were being collected and stored.

52.     Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the BIPA Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used.

53.     Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the BIPA Class before it collected, used, and/or stored their biometric identifiers and biometric information.

54.     For each of the violations identified above, Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 to $5,000 in statutory damages.

55.     Therefore, Defendant violated Plaintiff's and the Class's rights to control of their

10

biometric identifiers and biometric information, and committed actionable statutory violations of BIPA. 740 ILCS 14/1, *et seq.*; *Rosenbach v. Six Flags Entertainment Corp.*, No. 123186, 2019 WL 323902 (Ill. Jan. 25, 2019).

WHEREFORE, Plaintiff Maysoun Abudayyeh, individually and on behalf of other similarly situated individuals, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Envoy Air, Inc. and grant her the following relief:

a)  Certifying this case as a class action on behalf of the BIPA Class defined above, appointing Plaintiff as representative of the BIPA Class, and appointing her counsel as Class Counsel;

b)  Awarding injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

c)  Awarding statutory damages to each person whose rights were violated under BIPA, pursuant to 740 ILCS 14/20;

d)  Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees and costs;

e)  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

f)  Any further relief that is deemed just and equitable.

Dated: December 23, 2020

Respectfully submitted,

MAYSOUN ABUDAYYEH, individually and
on behalf of all others similarly situated,


By: /s/ Alejandro Caffarelli
One of Plaintiff's Attorneys

\* 5 0 0 4 7 6 9 7 \*

Robin Potter
Alenna Bolin
Potter Bolaños LLC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Tel. (312) 861-1800
FIRM ID 23522
*robin@potterlaw.org*
*alenna@potterlaw.org*

Alejandro Caffarelli
Alexis D. Martin
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
Firm ID 58616
*acaffarelli@caffarelli.com*
*amartin@caffarelli.com*

12