IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ENVOY AIR, INC., <br><br> Defendant. | Case No. 1:21-cv-00142 |

## DECLARATION OF RENAE CLEMENS

I, Renae Clemens, pursuant to 28 U.S.C. § 1746, do hereby declare, under penalty of perjury, that:

1. I am a Labor Relations Counsel, Ground Employees at Envoy Air, Inc. ("Envoy"). In that role, I am responsible for labor relations with Envoy's passenger service agent ("PSA") employees. I have personal knowledge of, and am fully competent to testify to, the matters set forth in this declaration.

2. On November 25, 2015, the National Mediation Board ("NMB") certified the Communications Workers of America ("CWA") as the exclusive bargaining agent for Envoy's PSA employees.

3. After the CWA was certified, Envoy collectively bargained several express agreements with the CWA that govern the terms and conditions of its members' employment.

4. On June 29, 2016, Envoy and the CWA established an interim grievance procedure for Envoy employees. I have attached a true and correct copy of the June 29, 2016 agreement as Exhibit 1.

5. On July 27, 2016, Envoy and the CWA agreed to, among other things, waive the protection of any "Federal, State or Local statute, law, regulation, ordinance, or other governing provision ... to the extent such Laws permit a waiver, exception or other treatment for employees covered under a collective bargaining agreement."

6. On September 14, 2016, Envoy and the CWA established a grievance procedure that culminates in final and binding arbitration before the Envoy System Board of Adjustment.

7. On April 26, 2017, Envoy and the CWA reached an "Interim Agreement" covering Envoy's PSA employees. As part of this Interim Agreement, Envoy and the CWA set new wage rates for Envoy PSA employees and made effective a series of agreements previously entered into by Envoy and the CWA, including the July 27, 2016 and September 14, 2016 agreements. I have attached as Exhibit 2 a true and correct copy of the April 26, 2017 Interim Agreement, which includes copies of the July 27, 2016 and September 14, 2016 agreements.

8. On July 19, 2019, Envoy and the CWA signed a letter of agreement titled "Arbitration and Waiver of Certain Claims." This agreement states that any claims covered by the agreement that are "asserted by the Union and / or an employee covered by this Agreement shall be resolved solely by means of the Grievance and Arbitration procedures set forth in Article 30 of the Collective Bargaining Agreement." I have attached as Exhibit 3 a true and correct copy of the July 19, 2019 agreement.

9. On August 15, 2019, Envoy and the CWA reached a final agreement governing the terms and conditions of employment for PSA employees. Article 30 of this agreement currently governs the Envoy System Board of Adjustment. I have attached as Exhibit 4 a true and correct copy of this August 15, 2019 agreement.

10. Since November 25, 2015, when the NMB certified the CWA as the representative of Enovy's PSA employees, Envoy has used either handprint or fingerprint scanning timekeeping technology to track when its PSA employees clock-in and -out of work at O'Hare International Airport.

11. Each PSA employee, including each member of the CWA's negotiating team, needs to use this technology twice a day on days they are working to perform their job duties.

12. To my knowledge, the CWA has never objected to, filed a grievance regarding, or otherwise complained about Envoy's timekeeping technology used at O'Hare International Airport.

13. On January 19, 2021, the Wisconsin Department of Workforce Development issued a decision dismissing certain claims brought by Envoy employees. I have attached as Exhibit 5 a true and correct copy of the January 19, 2021 decision issued by the Wisconsin Department of Workforce Development.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: January 27, 2021
Fort Worth, Texas

*Renae Clemens*
Renae Clemens