# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAYSOUN ABUDAYYEH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-00142 |
| | Judge Andrea R. Wood |
| ENVOY AIR, INC., | Magistrate Judge Heather K. McShain |
| Defendant. | |

<u>**DECLARATION OF ALEJANDRO CAFFARELLI**</u>

ALEJANDRO CAFFARELLI, being first duly sworn on oath, deposes and states under penalty of perjury that the following is true and correct:

1.      I am a member in good standing of the Illinois State Bar and the Trial Bar of the U.S. District Court for the Northern District of Illinois, and the founding Shareholder of the law firm of Caffarelli & Associates Ltd., which has been designated as Class Counsel in this action. All of the facts stated herein are true and correct, and are within my personal knowledge.

2.      I graduated from the University of Minnesota Law School in 1996, after having served as a Member as well as a Note and Comment Editor of the Minnesota Law Review. I received my undergraduate degree from the University of Michigan, Ann Arbor, in 1992. I was admitted to practice law in the State of Minnesota in 1996 and in the State of Illinois in 1997.

3.      I am, and/or have been, admitted to practice in good standing before the following courts: the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Sixth Circuit, the Trial Bar of the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the Western District of Tennessee, the United States District Court for the Eastern District of Wisconsin, the Illinois Supreme Court, and the Minnesota Supreme Court.

4.      Since founding Caffarelli & Associates Ltd. in January, 2001, I have appeared in hundreds of matters filed in the U.S. District Court for the Northern District of Illinois and in Illinois courts, where I have successfully first-chaired a number of jury trials. I have also argued numerous times before the U.S. Seventh Circuit Court of Appeals.

5.      I am a Past President of NELA-Illinois (http://www.nela-illinois.org), the largest plaintiffs' employment lawyers' group in Illinois. Prior to becoming President, I served for many years on the Board of Directors and continue to serve as a member. I am also active in other attorney associations, including, but not limited to, the American Bar Association, the Chicago Bar Association, and the Hispanic Lawyers' Association of Illinois.

6.      I have been awarded the highest "AV" rating in ethics and ability every year since 2008 by LexisNexis' Martindale-Hubbell, one of the oldest and most respected peer-review based rating services for attorneys. In 2010, I was one of the very few plaintiffs' employment lawyers to be named a "Rising Star" by Super Lawyers Magazine. I have been named an Illinois "Super Lawyer" in the area of Employment Litigation every year since 2011 and in 2022 was named a "top 100" Illinois lawyer. Each year, only a very small percentage of Illinois attorneys receive the honor of being named a Super Lawyer. Since 2020, I have been named to Lawdragon's list of 500 Leading Plaintiffs' Employment Lawyers in the United States.

7.      I am frequently invited to speak before numerous lawyers' groups, including the American Bar Association, the National Employment Lawyers' Association, the Chicago Bar Association, and the American Arbitration Association.  I have appeared on television, including the Univision and Telemundo networks, and have been quoted on employment law issues by the Wall Street Journal, the Chicago Tribune, and the New York Times online.

8.     In 2014, Chief Judge Ruben Castillo appointed me to the Pro Bono Advisory Committee for the Unites States District Court for the Northern District of Illinois. In 2018, U.S. Senators Dick Durbin and Tammy Duckworth appointed me to a joint Screening Committee, chaired by the honorable Judge David Coar (ret.) to help evaluate, interview, and recommend judicial candidates for the U.S. District Court for the Northern District of Illinois.

9.     I have previously been approved as class counsel in federal and state court and have on each and every of those occasions obtained fee and cost awards as a percentage of the common fund. *See Wydra v. Midwest Can Co., et al.*, No. 2019-CH-08185 (Demacopoulos, J.) ($338,000 BIPA settlement fund); *Pedroza v. Home Products Int'l, Inc.*, No. 2019-CH-03517 (Cir. Ct. Cook. Cnty. Feb. 13, 2020) (Loftus, J.) ($473,900 BIPA settlement fund); *Diaz v. Greencore USA*, No. 2017-CH-13198 (Cir. Ct. Cook Cnty. Dec. 17, 2019) ($5.7M BIPA settlement) (Valderrama, J.); *Mendoza Torres v. Kronos Food Corp.*, No. 2019-L-000647 (Cir. Ct. DuPage Cnty. Nov. 18, 2019) ($1.15 million BIPA settlement) (Mallen, J.); *Aguilar v. Rexnord LLC et al.*, No. 2017-CH-14775 (Cir. Ct. Cook Cnty. June 11, 2019) (Mullen, J.) ($341,000 BIPA settlement); *Montero v. JPMorgan Chase & Co, et al.*, No. 14-CV-09053 (N.D. Ill. Apr. 25, 2018) ($3M settlement fund) (Cox, J.); *Cardenas v. Ill. Vehicle Ins. Agency, L.L.C.*, No. 15-cv-11326 (N.D. Ill. Nov. 9, 2016) (Schenkier, J.) ($513,763.75 settlement fund); *Allen v. JP Morgan Chase Bank, N.A.*, No. 13-cv-8285 (N.D. Ill. Oct. 21, 2015) (Pallmeyer, J.) ($10.2M settlement fund); *Leon v. El-Milagro, Inc.*, No. 11-cv-4255 (N.D. Ill. Dec. 6, 2012) (Zagel, J.) ($2.55M settlement); *Cardenas et al. v. John B. Sanfilippo & Son, Inc.*, No. 10-cv-01354 (N.D. Ill. May 25, 2012) (Gilbert, J.) ($2.6M settlement fund), and *Sanchez, et al. v. Stampede Meat, Inc., et al.*, No. 02-cv-5452 (N.D. Ill. April 4, 2006) (Valdez, J.) ($920,000 settlement fund). My expertise in class actions and trial contributed to the resolution of this case. We used the knowledge derived from other cases in determining what

would be a fair settlement for the plaintiffs in this case.

10.     The settlement reached in this class action constitutes a reasonable compromise of a *bona fide* dispute involving a myriad of vigorously contested legal and factual issues.

11.     Based on my knowledge of the case and the applicable law, as well as my experience in other class action cases, I believe the settlement is fair, reasonable and adequate. The class representative also fully supports the settlement terms.

12.     Any lawyer undertaking representation of large numbers of affected persons in class action litigation inevitably must be prepared to make a tremendous investment of time, money, energy and resources. This is particularly true in this type of case, where the viability and scope of any class action was largely untested, and certainly unsettled, at the time that we initiated the litigation. Due to the contingent nature of the customary fee arrangement, lawyers must also be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. The demands and risks of this type of litigation overwhelm the resources – and deter participation – of many plaintiffs' employment law firms.

13.     Caffarelli & Associates Ltd. entered into a contingency fee arrangement with the Plaintiff, which entitles our firm, together with co-counsel, to fees in the amount 40% of any recovery. We would have received nothing and were prepared to receive nothing if we ultimately failed to secure a monetary recovery for Plaintiff or the class. In other individual and class action cases in which we represented a plaintiff on a contingent fee basis but failed to secure any recovery, we have received nothing.

14.     As with any contingent fee matter where an attorney runs the risk of non-collection, my Firm was prepared to prosecute and finance this litigation for as long as necessary, and incur

whatever additional costs necessary, with the distinct possibility that we could and would come away with nothing after a significant investment of time and effort.

15.     My Firm also incurred out-of-pocket costs of $521.99 without any guarantee that we would be reimbursed, and understood and accepted that we would have continued to incur additional costs if this litigation had not settled and the case were to move forward.

16.     Counsel for the plaintiffs have achieved a superb result in this case, resulting in a non-reversionary common fund of $300,000 and avoiding the risks of trial in this area of the law, where a positive result was far from certain and material, potentially dispositive issues remain pending before the Illinois Supreme Court. Each participating member of the Class will receive a significant recovery, as described in the Settlement Agreement.

17.     In light of the legal and factual complexities of this case, there is no doubt that this is a just and reasonable result. The settlement results in real and substantial monetary relief to the Plaintiff and the Class Members.

18.     In my opinion, the Settlement provides substantial benefits to the Class, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. The Parties reached the instant settlement after a significant amount of arm's length negotiation.

19.     Counsel exchanged counterproposals on key aspects of the Settlement. At all times, the settlement negotiations were adversarial, non-collusive, and at arm's length with the assistance of an impartial mediator, as described in the Motion and accompanying exhibits.

20.     As Class Counsel, we are confident in the strength of the claims alleged in the Complaint and that Plaintiff would likely prevail at trial. Nonetheless, litigation is inherently unpredictable and the outcome of a trial is never guaranteed. Indeed, Plaintiff faced significant risk

in taking this matter to trial, including the possibility that the case would be defeated in dispositive pre-trial motion practice, the Court would deny class certification, grant summary judgment, award only limited damages, or that the result at trial would be in Defendant's favor. Moreover, there are significant legal issues currently on appeal that could potentially result in dismissal of the case and no benefit to the Class, should this Court not grant final approval.

21.     Based on my experience handling class action work, I believe this settlement to be fair and reasonable and in the best interest of the class. The settlement provides real monetary recovery, substantial prospective relief, and will act as a strong deterrent to future misconduct.

Further Declarant Sayeth Not,

_____
Signature

September 17, 2022
Date

6

## Alejandro Caffarelli
Caffarelli & Associates Ltd.
www.caffarelli.com

Alejandro Caffarelli is the founding shareholder of Caffarelli & Associates, Ltd., a boutique labor & employment law firm located in downtown Chicago. In 25 years as an employment lawyer, Mr. Caffarelli has personally litigated hundreds of cases, and is the Firm's lead counsel at trial, including federal jury trials. He has prevailed on many issues of first impression in federal court and has personally argued multiple appeals before the United States Court of Appeals for the Seventh Circuit. Mr. Caffarelli has significant experience litigating class actions, as well as individual claims, negotiating numerous six and seven-figure settlements.

What distinguishes Mr. Caffarelli from many of his peers in the plaintiffs' bar is that he also has experience handling high level management-side work. Prior to founding Caffarelli & Associates, Ltd. in 2001, he worked at a mid-size management-side only firm, where, among other things, he helped draft the successful appellate brief in support of enforcing a confidentiality agreement on behalf of Oprah Winfrey's production company, Harpo, Inc. The appellate court's decision is now viewed as one of the seminal resources for defining the proper parameters of employee confidentiality agreements. Coady v. Harpo, Inc., 719 N.E.2d. 244 (Ill. Ct. App. 1999). In 2008, the City of Chicago appointed Mr. Caffarelli to defend the City in two class action cases with total potential damages in the millions of dollars.

In recognition of his achievements, Mr. Caffarelli has been awarded the top "AV" rating by LexisNexis' Martindale-Hubbell since 2008, one of the oldest and most respected peer-review based rating services for attorneys. According to Martindale-Hubbell, the attainment of an "AV" rating is "a testament to the fact that a lawyer's peers rank him or her at the highest level of professional excellence." Mr. Caffarelli also has been rated "superb," a perfect 10 out of 10 on a numerical scale, by Avvo. Avvo is an online attorney rating service with an algorithm based upon an objective mathematical model. In 2010, Mr. Caffarelli was one of the very few plaintiffs' employment lawyers to be named a "Rising Star" by Super Lawyers Magazine. The following year, in 2011, he was named an "Illinois Super Lawyer," and has continued to be named a Super Lawyer each year since then. In 2018 he was listed as one of the 500 leading employment lawyers in the U.S. by Lawdragon, and in 2019, he was named a Leading Lawyer by Law Bulletin Media. Mr. Caffarelli has also been quoted and recognized as an employment law expert by the national media, including the Wall Street Journal, the New York Times online, Univision Chicago, and Telemundo.

Mr. Caffarelli has served on the Board of Directors for the Illinois chapter of the National Employment Lawyers' Association, as well as the Hispanic Lawyers' Association of Illinois. In 2014 Chief Judge Ruben Castillo appointed Mr. Caffarelli to the Pro Bono Advisory Committee for the Unites States District Court for the Northern District of Illinois, and in 2018 U.S. Senators Dick Durbin and Tammy Duckworth appointed him to a joint screening committee whose task is to review and vet District Court candidates and advise the Senators regarding the candidates' qualifications and fitness for the position. In 2016, Mr. Caffarelli joined the Board of Directors for Latinos Progresando, a Chicago-based organization that serves immigrants with the highest quality, low-cost legal immigration services, community education and engagement, and

advocacy/organizing around policy that affects immigrants. And since 2005, Mr. Caffarelli has provided pro bono services on behalf of indigent workers through the ARISE-Chicago legal clinic and referral service, and has served on the ARISE Legal Advisory Board.

Mr. Caffarelli received a B.A. from the University of Michigan in Ann Arbor, with a double major of History and Spanish Literature, and was awarded a Juris Doctor from the University of Minnesota Law School, which he attended on a full scholarship and where he served as Note & Comment Editor of the prestigious Minnesota Law Review, which has been ranked among the ten most cited law journals in the United States. During that time, he authored an article on criminal asset forfeitures, which subsequently was one of the few student articles accepted for publication. In 1995, he served as an intern for the Honorable Judge Michael Davis of the United States District Court for the District of Minnesota. Since graduation, Mr. Caffarelli has been admitted to practice law before the Seventh Circuit Court of Appeals, the United States District Court for the Northern District of Illinois, the Illinois Supreme Court, and the trial bar of the Northern District of Illinois. In 2005, Mr. Caffarelli honed his trial skills by participating in the National Institute for Trial Advocacy's Midwest Regional Workshop in St. Paul, Minnesota. In 2020, Mr. Caffarelli became a certified mediator by completing the Chicago Bar Association's Advanced Workshop for Improved Negotiation, Mediation and Advocacy Skills.

Mr. Caffarelli currently lives in the City of Chicago with his wife and two children. He is a certified U8 and U10 soccer coach for the American Youth Soccer Organization (AYSO) and enjoys coaching as well as playing soccer, playing tennis and squash, and playing a variety of musical instruments in his spare time. In 2019, Mr. Caffarelli joined the Board of Directors for the Northwind Soccer Club, one of Chicago's premier youth soccer organizations.

**Education & Awards**

B.A., University of Michigan, Ann Arbor
J.D., University of Minnesota Law School
National Institute for Trial Advocacy Midwest Regional Workshop
Illinois Super Lawyer, 2011-Present
AV (highest) peer review rated by LexisNexis' Martindale-Hubbell 2008-Present
Rated 10/10 "superb" by Avvo.com 2007-Present
Lawdragon 500 Leading Employment Lawyer

**Bar & Court Admissions**

United States Seventh Circuit Court of Appeals
United States Sixth Circuit Court of Appeals
United States District Court for the Northern District of Illinois - Trial Bar
United States District Court for the Central District of Illinois
United States District Court for the Western District of Tennessee
United States District Court for the Eastern District of Wisconsin
Illinois & Minnesota Supreme Court

**Membership & Associations**

American Bar Association
Chicago Bar Association
National Employment Lawyers' Association
NELA – Illinois Chapter - Former President and Board Member
National Hispanic Bar Association
Hispanic Lawyers' Association of Illinois - Former Officer and Board Member
ARISE-Chicago Legal Advisory Board
National Association of Consumer Advocates

**Recent Speaking Engagements**

FBA L&E Law Conference: the FFCRA, FMLA, and Leaves of Absence, 2021

ABA L&E ADR Committee, Mid-Winter Meeting: The Media and ADR, 2020

CBA/LE Panel: The Biometric Information Privacy Act after Rosenbach – A Survey of the Legal Landscape, 2019

ILW Panel at Chicago-Kent Law School: The Growth of State and Local Employment Laws: Protecting Workers or Complicating Things?, 2019

ABA L&E ADR Committee, Mid-Winter Meeting: Class Action Waivers Update, Where Does it go From Here?, 2019

NELA National Conference Moderator: The FMLA at 25 - where have we been and where do we go from here, 2018

CBA Spring Seminar: Technology in the Workplace (Biometrics Panel), 2018

CBA/YLS Panel: Employers v. the First Amendment, 2018

NELA/American Constitution Society Joint Panel: Impact of Epic v. Lewis Sys. at the Supreme Court, 2017

ABA L&E ADR Committee, Mid-Winter Meeting: Class Action Waivers, 2017